UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-7 |
| | § | |
| $32,323.00, MORE OR LESS, | § | |
| IN UNITED STATES CURRENCY | § | |
| | § | |
| Defendant. | § | |

**<u>VERIFIED COMPLAINT FOR FORFEITURE IN REM</u>**

Comes now Petitioner United States of America, by and through the Acting United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

*Nature of the Action*

1.  This is a civil action to forfeit *in rem* property and condemn to the use and benefit of the United States the following property: $32,323.00, more or less, in United States currency ("Defendant Property").

*Jurisdiction and Venue*

2.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345, 1355, 1356.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395, and 18 U.S.C. § 981(h).

*Defendant Property*

4.  The Defendant Property consists of the following United States currency seized during the execution of a warrant at 2502 Carnation Circle, Donna, TX 78537 on July 27, 2021:

1

a. $15,000.00 in United States Currency, in a vacuum sealed bag, hidden in a clothing bin (hereinafter "Defendant Property A").

b. $10,323.00 in United States Currency seized from a black purse (hereinafter "Defendant Property B").

c. $7,000.00 in United States Currency, located in a yellow dollar general plastic bag in rubber band-wrapped bundles (hereinafter "Defendant Property C").

5. The Defendant Property is held in custody of the United States Marshals Service in the Southern District of Texas.

### *Statutory Basis for Forfeiture*

### 21 U.S.C. § 881(a)(6)

6. 21 U.S.C. § 881(a)(6) mandates the forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

7. 18 U.S.C. § 984 provides that in any forfeiture action *in rem* where the subject property is cash, any identical property found in the same place as the property involved in the offense that is the basis for the forfeiture shall also be subject to forfeiture.

### *Factual Basis*

8. From 2018 until approximately July 27, 2021, Maricela Bautista Lopez (hereinafter "Maricela Lopez"), knowingly and intentionally conspired with others to knowingly and intentionally possess with intent to distribute narcotics. Maricela Lopez sold, coordinated the sale of, and "cooked" narcotics in furtherance of this conspiracy.

9. Maricela Lopez, and those she conspired with, profited from this criminal endeavor. The proceeds and the money involved in the sale of narcotics were often in cash. This cash was often kept in Maricela Lopez's residence or on her person. Some of this cash was kept in vacuum sealed containers or wrapped in plastic to avoid detection.

10. On July 13, 2021, a federal grand jury in the Southern District of Texas charged Maricela Lopez and four others in an indictment for conspiring to knowingly and intentionally possess with intent to distribute more than five hundred grams of cocaine.[1] The grand jury also charged that three members of this conspiracy knowingly and intentionally possessed with intent to distribute approximately one kilogram of cocaine.[2] In a final count, the grand jury charged that one member of this conspiracy knowingly and intentionally possessed with intent to distribute approximately one kilogram of methamphetamine.[3]

11. On July 27, 2021, Drug Enforcement Administration (hereinafter "DEA") Agents[4] executed a federal search and arrest warrant at Maricela Lopez's residence, located at 2502 Carnation Circle, Donna, Texas, 78537. Inside the residence was Maricela Lopez, Jose Raquel Lerma, Dolores Lopez[5] (hereinafter "Dolores Lopez"), and eight minors. DEA Agents escorted all persons outside the building and placed Maricela Lopez into custody.

12. Soon after, DEA Agents searched the residence pursuant to the federal warrant. In the bedroom of Dolores Bautista, DEA Agents discovered and seized a vacuum-sealed bag containing $15,000.00 in United States Currency[6] hidden in a clothing bin. In the same room, DEA Agents located and seized $10,323.00 in United States Currency[7] from a black purse.

---

[1] Indictment at 1-2, *United States v. Lopez-Sanchez*, No. 1:21-cr-650 (SDTX July 13, 2021) ECF No. 1 [Hereinafter referred to as Indictment].
[2] *Id.* at 1-2 (Count Two).
[3] *Id.* at 2 (Count Three).
[4] The term "Agents" includes but is not limited to Special Agents and Task Force Officers.
[5] Delores Lopez is also known as Dolores Bautista de Lopez and Delorez Lopez.
[6] Defendant Property A.
[7] Defendant Property B.

13. In the master bedroom, DEA Agents discovered two purses containing United States currency. This first was a black "Juicy" labeled purse that contained $6,004.00 wrapped in vacuum-sealed plastic. The second was a black purse with horizontal and white stripes that held $115.00. DEA Agents also discovered multiple ledgers, twelve cell phones, additional United States currency, two Samsung tablets, and a laptop computer. All were seized by DEA Agents.

14. In the kitchen, DEA Agents discovered two large Ziploc bags on top of a refrigerator that contained approximately 15.8 ounces of marijuana and smaller bags for distribution. Also in the kitchen were three white plastic bottle containers containing white powdery substances. Two containers were labeled as "BS/Platinum Inositol," and the third was labelled "Platinum Inositol".[8]

15. DEA Agents inventoried five vehicles outside of the home. In one vehicle, a 2015 Chevy Malibu, DEA Agents discovered a cell phone and a yellow plastic bag concealed behind a car seat. The yellow plastic bag contained $7,000.00 in United States Currency.[9]

### *Conclusion*

16. Considering in totality the above described facts and circumstances, the facts demonstrate by a preponderance of the evidence that the Defendant Property is money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; proceeds traceable to such an exchange; and/or money used or intended to be used to facilitate a violation of the Controlled Substances Act. Therefore, the Defendant Property is subject to forfeiture.

---

[8] Platinum inositol is used as a cutting agent or "filler" typically used to increase the volume of narcotics.
[9] Defendant Property C.

*Notice to Any Potential Claimants*

17.     YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

18.     An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim.  The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 600 E Harrison St. #101, Brownsville, TX 78520, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 600 E Harrison St. #201, Brownsville, TX 78520.

*Prayer*

19.     Wherefore, the United States of America prays that due process is issued to enforce the forfeiture of the Defendant Property, that due notice be given to all interested persons to appear and show cause why forfeiture of the Defendant Property should not be decreed, that the Defendant Property be condemned as forfeited to the United States to be disposed of according to law, and for such other and further relief as this Honorable Court may deem just and proper.

        Respectfully submitted,

        JENNIFER LOWERY
        United States Attorney

        By: /s/ Rick Blaylock
        Rick Blaylock
        Assistant United States Attorney
        Texas Bar No. 24103294
        Federal Bar No. 3544108
        600 E. Harrison St., #201

Brownsville, TX 78520
Office: (956) 566-2132
Fax: (956) 548-2711

## Verification

I, Aaron Turner, a Special Agent with the United States Drug Enforcement Administration, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in Paragraphs 1 through 16 of the Factual Basis in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

Executed on January 18, 2022.

Aaron Turner
Special Agent
United States Drug Enforcement Administration